UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. PHILLIPS, ) | Case No. 2:20-cv-10412-JWH-JC |
| Petitioner, ) | |
| ) | ORDER (1) SUMMARILY |
| v. ) | DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS; AND |
| JOSIE GASTELO, ) | (2) DENYING A CERTIFICATE OF |
| ) | APPEALABILITY |
| Respondent, ) | |
| _____ ) | |

## I. SUMMARY

On November 2, 2020, petitioner William R. Phillips, who is in state custody and is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. The Petition, construed liberally, seeks dismissal of a federal supervised release violation petition and removal of a federal supervised release violation detainer that assertedly are affecting petitioner's state security level and keeping him from certain educational and work programs (e.g., fire camp). (Petition at 5-6). He contends that dismissal of the federal supervised release violation petition/removal of the detainer would be in the interests of justice because he has been discipline free since he received his GED and will be 85 when he completes his current state sentence. (Petition at 5-6).

///

///

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, as it plainly appears from the Petition that petitioner is not entitled to the relief he seeks in the instant action, the Petition must be dismissed.

## II. PERTINENT BACKGROUND[1]

On April 10, 2002, petitioner pleaded guilty in the Federal Criminal Case to three counts of violating Title 18, United States Code, section 2113(a)(d) (armed bank robbery). On January 26, 2004, the assigned District Judge sentenced petitioner to a total term of 188 months in prison to be followed by a five-year term of supervised release. Petitioner was apparently released from prison and commenced his supervised release in or about 2016.

In October 2018, petitioner committed and was charged with second degree armed robbery in the State Case. In July 2019, petitioner pleaded guilty to second degree robbery and was sentenced to a total of 25 years in state prison.

The docket for the Federal Criminal Case reflects three sealed entries between November 13, 2018 and November 16, 2018 – approximately a month after petitioner was charged in the State Case. The Petition suggests that such sealed entries correspond to a supervised release violation petition/warrant.

///

---

[1] The procedural history set forth in this section is derived from the Petition and supporting document and the public docket and court records in the following cases of which this Court takes judicial notice: (1) Los Angeles County Superior Court Case No. SA099236 (accessible via http://www.lacourt.org/criminalcasesummary) ("State Case"); and (2) United States v. Phillips, CDCA Case No. 2:01-cr-00652-FMC ("Federal Criminal Case"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

2

///

## III. DISCUSSION

A state prisoner may obtain federal habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As petitioner neither asserts nor demonstrates that he is in custody in violation of the Constitution or laws or treaties of the United States, the Petition and this action should be dismissed without prejudice to petitioner's ability to seek dismissal of any supervised release violation petition/warrant or removal of a related detainer in the Federal Criminal Case.

First, as petitioner apparently recognizes, he has no federal constitutional right to resolution of any pending federal supervised release violation petition at this juncture. See Petition at 5 (acknowledging federal supervised release violation may not be resolved until completion of petitioner's state sentence). There is no Sixth Amendment right to a speedy trial in supervised release revocation proceedings. United States v. Gavilanes-Ocaranza, 772 F.3d 624, 628 (9th Cir. 2014), cert. denied, 577 U.S. 894 (2015). While a defendant does have a right to a reasonably prompt hearing on revocation of supervised release rooted in the Fifth Amendment's Due Process Clause (id.; United States v. Santana, 526 F.3d 1257, 1259 (9th Cir. 2008)), such right is not triggered until the violator is in custody on the violation warrant and is not triggered when such warrant is unexecuted and is merely placed as a detainer at an institution where the violator is already in custody serving a sentence for a crime committed while on supervised release. See Moody v. Daggett, 429 U.S. 78, 86-89 (1979) (parole violation warrant); United States v. Bartholdi, 453 F.2d 1225, 1226 (9th Cir. 1972) (probation violation warrant);[2] United States v. Magana-Colin, 359 Fed. Appx. 837, 838 (9th Cir. 2009)

---

[2] Although Moody and Bartholdi respectively involved a parole violation warrant and a probation violation warrant, proceedings for revocation of probation, parole and supervised release are treated as equivalents for due process purposes. Santana, 526 F.3d at 1259 n.2.

(supervised release violation warrant), cert. denied, 560 U.S. 958 (2010).

Second, to the extent petitioner suggests that he is entitled to federal habeas relief due to the impact a detainer/pending supervised release violation petition/warrant is assertedly having on his security level and the availability of certain educational and work programs, his claim is not cognizable on federal habeas review. Prisoners do not have a constitutional right to a particular security classification. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Nor do they have a constitutional right to rehabilitation programs. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Accordingly, the deprivation of such matters would not violate the Constitution, laws or treaties of the United States, rendering petitioner unable to demonstrate that he is entitled to federal habeas relief due to being in custody in violation of the same.

**IV  ORDERS**

For the foregoing reasons, IT IS ORDERED that the Petition and this action are dismissed without prejudice to any relief to which petitioner may be entitled in the Federal Criminal Case and that judgment be entered accordingly.

The Court also concludes that a certificate of appealability is unwarranted in this case because petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determination that the Petition should be summarily dismissed. Thus, a certificate of appealability is denied.

DATED: December 17, 2020

_____
HONORABLE JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE

Presented this 28th day of November 2020 by:

_____/s/_____

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE